IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOWELL HAMMONS,

      Petitioner,                    No. CIV S-11-3272 GGH P

   vs.

GARY SWARTHOUT, Warden,

                               ORDER &amp;
      Respondent.             FINDINGS AND RECOMMENDATIONS

/

      Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner challenges the 2010[2] decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole. Because petitioner did not submit the habeas petition application form used in this district, it is not entirely clear when petitioner was sentenced and the length of his term. Petitioner states that he pled guilty to second degree murder, a murder committed on October 24, 1992. Petition, p. 2. By reference to Exhibit 1 to his petition, which includes a copy of the denials of his petition at the state court level, the San Bernadino County Superior Court states in its decision that petitioner was received at the

---

[1] Petitioner also makes an inapposite reference to 28 U.S.C. § 2241, which will be disregarded.

[2] The May 25, 2010, parole denial became final on September 22, 2010. Petition, Ex. 1, p. 39.

1

institution on January 19, 1994.  Petition, Ex. 1, p. 39.  Thus, the court can infer that petitioner's conviction most likely occurred very late in 1992[3] or at some point in 1993 and that petitioner received a 15-year-to-life sentence.[4]

        Petitioner claims his right to due process was denied by 1) the BPH's reliance on "a twice previously rejected and totally unreliable 2009 psychological evaluation" which denied him his right to a fair hearing and an unbiased decision-maker; 2) the BPH panel's "application of their own personally subjective, arbitrary, discriminatory, and vague standards of insight, understanding, minimization and remorse" depriving petitioner of "his state created liberty interest" in being released on parole;  3) BPH's "failure to consider [petitioner's] youth at the time of the offense along with the passage of time and the substantial changes in his overall attitude and demeanor."  Petition, p. 33.  Petitioner also makes a reference to a five-year denial under Marsy's Law,[5] although it is not articulated as a separate claim.  See Petition, pp. 9, 32 & footnote 26.

        As to claims 1,[6] 2 and 3, on January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context.  Swarthout v. Cooke, ___U.S. ___, 131 S. Ct. 859, 861 (2011).  Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal

---

[3] Petitioner makes a reference to "as early as 1992" having "admitted to his role in the murder offense."  Petition, p. 12.

[4] Under Cal. Pen. Code § 190(a), with the exception of conditions evidently not applicable to this conviction, in California, "every person guilty of murder in the second degree shall be punished by imprisonment in the state prison for a term of 15 years to life."  In addition, the state court decision in Ex. 1, makes reference to petitioner's "life offense," his second degree murder conviction under Cal. Pen. Code § 187.  Petition, Ex.1, pp. 39-40.

[5] Cal. Penal Code § 3041.5, as amended in 2008 by Proposition 9 (Marsy's Law).

[6] Although petitioner attempts to frame claim 1 as a claim of a biased decision-maker, essentially it is a claim that the BPH panel did not have "some evidence" to show he currently poses an unreasonable risk of danger to public safety and to deny his parole on such a basis.

habeas corpus relief does not lie for errors of state law.'" Id.  While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[7] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[8] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout, at 862.  Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout, at 862.  "It will not do

---

[7] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

[8] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1  to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id.
2  "No opinion of ours supports converting California's "some evidence" rule into a substantive
3  federal requirement." Id. Thus, it appears there is no federal due process requirement for a
4  "some evidence" review and it also appears that federal courts are precluded from review of the
5  state court's application of its "some evidence" standard. Although petitioner does not include a
6  transcript of his parole hearing,[9] it is evident throughout his petition that he and his attorney had
7  ample opportunity to speak. See, e.g., Petition, pp. 12-19. While petitioner takes issue with the
8  reasons provided, and there may well be colorable reasons for his disagreement,[10] there is no
9  dispute that petitioner was provided a statement of reasons for the parole denial. See, Petition,
10 pp. 20-32.
11         As to the not-fully-articulated claim implicating Marsy's Law for his five-year
12 parole denial, that claim should be dismissed in light of the class action, Gilman v. Fisher, CIV-
13 S-05-0830 LKK GGH. The parameters of the Gilman class, as is made clear in the Order
14 certifying the class, include petitioner. Order, filed on March 4, 2009, in Gilman v. Fisher, CIV-
15 S-05-0830 LKK GGH.[11]
16         The Gilman class is made up of:
17         California state prisoners who: "(i) have been sentenced to a term
            that includes life; (ii) are serving sentences that include the
18         possibility of parole; (iii) are eligible for parole; and (iv) have been
            denied parole on one or more occasions."
19
20 \\\\\
21 \\\\\

---

22
23   [9] Petitioner's references to specific pages of Ex. A in his petition seems to indicate that petitioner intended to include the hearing transcript, but it is not located in this court's case docket.
24
25   [10] For example, petitioner strongly takes issue with the reliability of a 2009 psychological report, and there may be valid reasons for so doing.
26   [11] See Docket # 182 of Case No. 05-CV-0830.

4

Id., at 9.[12]

What is at issue in the suit are: "the procedures used in determining suitability for parole: the factors considered, the explanations given, and the frequency of the hearings." Id., at 7 [emphasis in original]. The "frequency of the hearings" is precisely what is at issue in his claim with respect to Marsy's Law.

Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this case.

IT IS HEREBY RECOMMENDED that the petition be dismissed.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 20, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
hamm3272.scr

---

[12] As noted in the October 18, 2010, Order, at p. 3, the Ninth Circuit affirmed the Order, certifying the class. See Docket # 258 in Case No. 05-CV-0830.